UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WILLIAM W. CARLTON**                                                                    **PLAINTIFF**

**VS.**                                       **No. 4:06-CV00552 GTE**

**OFFICE DEPOT CORP.**                                              **DEFENDANT**

## ORDER OF DISMISSAL

Plaintiff William W. Carlton brings this action against Office Depot Corporation. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, Plaintiff's *in forma pauperis* request is denied and his Complaint is dismissed.

## REQUIREMENT TO SCREEN COMPLAINTS

District courts are required to carefully screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915. More specifically, 28 U.S.C. § 1915(e)(2)(B) states that a court <u>shall</u> dismiss an action in which a party is proceeding *in forma pauperis* if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted.

## SUBJECT MATTER JURISDICTION IS LACKING

As a threshold matter, the Court must satisfy itself that it has subject matter jurisdiction to hear this case. A bedrock principle of our federal judicial system is that federal courts are courts of limited jurisdiction and they may exercise their power to hear a case only if specifically authorized to do so. *Marine Equipment Management Co. v. United States,* 4 F.3d 643, 646 (8th Cir.1993) ("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant

thereto.")(citations omitted).

The Court examines Plaintiff's Complaint to determine whether subject matter jurisdiction exists. Plaintiff is proceeding *pro se*, and the Court will therefore construe his Complaint liberally.

Plaintiff contends that he purchased a computer for approximately $850.00 at the Office Depot Store located on W. Markham Street in Little Rock, AR. He also purchased an extended warranty for $107.49. He later purchased a digital camera and when he loaded it on his computer it caused the computer to malfunction. Plaintiff complains that he has experienced difficulty in having his warranty honored and that Office Depot has failed to assist him in this endeavor. For relief, Plaintiff requests a new computer and "large punitive damages."

As a general rule, federal courts only have jurisdiction to hear cases where there is either diversity of citizenship between the parties and the amount in controversy involves more than $75,000, or where a federal statute provides the basis for Plaintiff's claim. *See* 28 U.S.C. §§ 1331, 1332. No federal cause of action appears on the face of the Complaint.

Therefore, it appears that subject matter jurisdiction must be premised on diversity of citizenship. Assuming the parties are diverse, it does not appear that at least $75,000 is at issue in this lawsuit. Although Plaintiff asserts a claim for "large punitive damages", the allegations as a matter of law will not support a finding of malicious conduct necessary to support an award of punitive damages. Plaintiff has not alleged the kind of egregious conduct necessary to support an award of punitive damages under Arkansas law. Accordingly, the $75,000 jurisdictional minimum is not satisfied in this case.

This Court lacks subject matter jurisdiction to resolve Plaintiff's claim. Plaintiff may elect to pursue this matter in a state court proceeding, but he may not pursue it in federal court.

**CONCLUSION**

For the reasons herein stated,

IT IS THEREFORE ORDERED THAT Plaintiff's motion to proceed *in forma pauperis* (docket entry # 1) be, and it is hereby, DENIED because the Court lacks subject matter jurisdiction to resolve the Plaintiff's cause of action.

IT IS FURTHER ORDERED on the Court's own motion that this case be, and it is hereby, DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED this 10ᵗh day of August, 2006.

       /s/ Garnett Thomas Eisele
      UNITED STATES DISTRICT JUDGE